## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**RONKE CIERS,**             CASE NO (NO) 20-001078-NO
                                                                 HON. JOHN H. GILLIS, JR.

    Plaintiff,

v.

**HOME DEPOT USA, INC.,**

    Defendant.

_____/

**PASCHAL C. UKPABI (P71187)**
Attorney for Plaintiff
Law Arena, PLLC
24450 Evergreen Road, Ste 210
Southfield, MI 48075
Tel. (248) 443-1218
_____/

### COMPLAINT

**There is no other pending or resolved civil action between the parties arising out of the same transaction or occurrence as alleged in this complaint.**

NOW COMES Plaintiff, Ronke Ciers, by and through her attorney, Paschal C. Ukpabi (Law Arena, PLLC), and for her Complaint against Defendants, state as follows:

### PARTIES

1. Plaintiff, Ronke Ciers is a resident of Southfield, Oakland County, Michigan.

2. Defendant, Home Depot USA, Inc. is a Corporation that conducts business in Wayne County, Michigan.

3. The incident, which is the subject of this Complaint, occurred in the City of Harper Woods, Wayne County, Michigan.

## JURISDICTION

4. This Court has jurisdiction on this matter because Defendant conducts business in Wayne County, and the amount in controversy exceeds $25,000.00.

## CAUSES OF ACTION

## COUNT I: PREMISES LIABILITY OF HOME DEPOT

5. Plaintiffs incorporates by reference paragraphs 1-4 above.

6. On or about July 1, 2018, Plaintiff Ronke Ciers was an invitee at Defendant's Premises, when a pack of tiles negligently stacked by Defendant fell on Plaintiff's foot, and seriously injured him.

7. Defendant which was in possession and control of the premises was negligent and careless in that it:

    (a) failed to stack its goods in a safe and proper manner;

    (b) failed to warn Invitees of such danger;

    (c) was in other respects negligent and careless.

    (d) the danger could not have been discovered on Plaintiff's casual inspection of the area.

8. Defendant had a duty to stack goods in a safe and proper manner but breached that duty of care when the tiles fell from the stacks and hit Plaintiff's foot.

9 Defendant's negligence proximately caused the Plaintiff to suffer injuries about his leg and foot, mental anguish, loss of consortium, loss of enjoyment of life, loss of company; medical and other expenses, as well as other injuries and damages, all such injuries and damages were caused solely by the negligence of Defendant, without any negligence by the Plaintiff.

10. The loss of the Plaintiff's former state of physical and mental well-being and the incurring of hospital, medical, nursing, surgical, pharmaceutical and therapy expenses, along with additional losses incurred - all such losses representing injury in the past, present and future for which claim is made -- occurred as a direct and proximate result of the negligence of Defendant.

WHEREFORE, Plaintiff requests honorable court to enter judgment for Plaintiff in an amount in excess of $25,000.00.

## COUNT II: NEGLIGENCE OF HOME DEPOT

11. Plaintiffs incorporates by reference paragraphs 5-10 above.

12. Defendant had a duty to make the premises reasonably safe, but breached that duty, and was negligent and careless in that it:

    (a) failed to stack its goods in a safe and proper manner;

    (b) was in other respects negligent and careless.

8. Defendant had a duty to stack goods in a safe and proper manner but breached that duty of care when the tiles fell from the stacks and hit Plaintiff's foot.

9 Defendant's negligence proximately caused the Plaintiff to suffer injuries about his leg and foot, mental anguish, loss of consortium, loss of enjoyment of life, loss of company; medical and other expenses, as well as other injuries and damages, all such injuries and damages were caused solely by the negligence of Defendant, without any negligence by the Plaintiff.

10. The loss of the Plaintiff's former state of physical and mental well-being and the incurring of hospital, medical, nursing, surgical, pharmaceutical and therapy expenses, along with additional losses incurred -- all such losses representing injury in the past,

present and future for which claim is made – occurred as a direct and proximate result of the negligence of Defendant.

WHEREFORE, Plaintiff requests honorable court to enter judgment for Plaintiff in an amount in excess of $25,000.00.

                                        Respectfully Submitted,

                                        /s/ Paschal Ukpabi
                                        Paschal E.C. Ukpabi (P71187)
                                        Law Arena, PLLC
                                        24123 Greenfield Road, Suite 309
                                        Southfield, MI 48075
                                        Tel. (248) 443-1218
                                        Fax (248) 443-1359

Dated: 12/10/2019